UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Kuhn,<br>Plaintiff,<br>v.<br><br>The Yates Companies, Inc.; Jesco, Inc.; and W.G. Yates Construction of South Carolina, LLC<br>Defendant, | CASE NO.: 2:18-CV-2809-DCN-BM<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

      The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.    This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. Sec 12117) (hereinafter "ADA"), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-5.

2.    All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

      a.   A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

      b.   Notice of the Right to Sue was received from EEOC on or about August 8, 2018.

      c.   This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3.    This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4.    The Defendants own and operate a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5.    The Plaintiff, Steven Kuhn, is a citizen and resident of Dorchester County, South Carolina.

6.     The Defendant, The Yates Companies, Inc. (hereinafter "Yates"), is upon information and belief, is a foreign corporation organized in the State of Mississippi, and operating under the laws of the State of South Carolina located in this judicial district.

7.     The Defendant, Jesco, Inc. (hereinafter "Jesco") is a subsidiary of The Yates Companies, Inc., and upon information and belief, is a foreign corporation organized in the State of Mississippi, and operating under the laws of the State of South Carolina located in this judicial district.

8.     The Defendant, W.G. Yates Construction of South Carolina, LLC (hereinafter "W.G. Yates") is a subsidiary of The Yates Companies, Inc., and upon information and belief, is a domestic corporation organized in and operating under the laws of the State of South Carolina located in this judicial district.

9.     All discriminatory employment practices alleged herein were committed within the State of South Carolina.

10.     Defendants, are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11.     Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

12.     Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of Sec. 101(5) (a) of the ADA U.S.C. Sec. 12111 (5) (A).

13.     The Defendant is an industry that affects commerce within the meaning of the Title VII and the Americans with Disabilities Act.

14.     The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

15.     On or about February 8, 2017, Plaintiff submitted his application and resume to Defendant Jesco as an ironworker/welder for the Mercedes Benz Expansion Project.

16.     Plaintiff was contacted by a representative of Defendants and hired and was directed to attend the safety and new hire orientation class on or about February 22, 2017.

17.     On or about February 22, 2017, Plaintiff attended the new hire class. During the class it was discovered by the Defendants that the Plaintiff is an individual with a disability and is deaf. Plaintiff was immediately removed from the class and terminated.

18.     Plaintiff has suffered permanent medical disabilities and lost his hearing. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff is an individual

with a "disability" within the meaning of Sec. 3(2) of the Americans with Disabilities Act, 42 U.S.C. Sec. 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

19.     Plaintiff was told by a representative of Defendants that it would be too expensive to hire the Plaintiff and Defendants would be required to monitor the Plaintiff constantly. Plaintiff has worked in the industry since acquiring his disability and he told that to the Defendants and that it was easy to work around his deafness, all to no avail.

20.     At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to his termination.

21.     Plaintiff is a "qualified individual with a disability" as that term is defined in Sec. 101(8) of the ADA, 42 U.S.C. Sec. 12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in Defendants' employment, and who requested reasonable accommodations.

22.     The Plaintiff asserts that the reasons given for his termination and loss of employee benefits were discriminatory against Plaintiff based on his disability.

23.     As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24.     Due to the acts of Defendant, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

25.     Defendants, their agents and employees, without just cause refused to provide accommodations to Plaintiff due to his medical disability and continue to refuse to employ Plaintiff forcing him to lose pay and all of his benefits in violation of the Americans with Disabilities Act. Plaintiff has sustained emotion distress as a result of his discrimination.

### FOR A FIRST CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT

26.     Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

27.     Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

28.     Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

29.     Defendants have discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by Sec. 102 of the ADA, 42 U.S.C. Sec. 12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

30.     Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

31.     Defendants denied Plaintiff the opportunity to work out reasonable accommodations and has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

32.     Based on Plaintiff's disability and request for accommodations, Defendants terminated the Plaintiff from his employment, in violation of the Act.

33.     Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## <u>RELIEF REQUESTED</u>

Plaintiff requests a judgment by this Court against Defendant as follows:

1.     Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2.     An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3.     Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4.     An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5.     An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6.     An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7.     For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

*(Signature on following page)*

**WIGGER LAW FIRM**

s/*Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #06345)
Attorney for Plaintiff
8086 Rivers Avenue
N. Charleston, SC 29406
843-553-9800

Charleston, South Carolina
October 17, 2018